

# In the United States Court of Federal Claims

17-486C
Filed: November 17, 2017
NOT FOR PUBLICATION

**FILED**

**NOV 1 7 2017**

U.S. COURT OF
FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| BRUCE PALMER, | ) | Rule 12(b)(1); Subject-Matter |
|  | ) | Jurisdiction; Statute of Limitations; 28 |
| Plaintiff, | ) | U.S.C. § 2501; Defamation Of Character; |
|  | ) | Due Process; *In Forma Pauperis*. |
| v. | ) |  |
|  | ) |  |
| THE UNITED STATES, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

*Bruce Palmer*, Altoona, IA, plaintiff *pro se*.

*Jessica R. Toplin*, Trial Attorney, *Deborah A. Bynum*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Chad A. Readler*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC; *LCDR Jonathan Dowling, JAGC, USN*, General Litigation Division, Office of the Judge Advocate General, United States Department of the Navy, for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

### I. INTRODUCTION

Plaintiff *pro see*, Bruce Palmer, brings this military pay action against the United States seeking to recover back pay because the United States Navy (the "Navy") allegedly failed to properly discharge him from military service. *See generally* Compl. Plaintiff also alleges that he has suffered defamation of character as a result of his alleged unlawful discharge and that the Navy has violated his right to due process. *Id.* at 2. As relief, plaintiff seeks to recover back pay for the period September 1975 to the present, an advancement in rank, and other monetary relief. *Id.* at 5.

The government has moved to dismiss this action for lack of subject-matter jurisdiction upon the grounds that plaintiff's claims are either untimely or sound in tort, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally*

Def. Mot. Plaintiff has also moved to proceed in this matter *in forma pauperis*, and to amend the complaint pursuant to RCFC 15. *See generally* Pl. Mot.; Pl. Mot. to Am. For the reasons set forth below, the Court **GRANTS** the government's motion to dismiss; **GRANTS** plaintiff's motion to amend the complaint; and **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

## II.     FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

Plaintiff *pro se*, Bruce Palmer, is a former enlisted service member in the Navy. *See* Compl. Ex. 1 at 1-3; Def. Mot. at A1-A7; Pl. Resp. at 2-3, 5. In this military pay action, plaintiff alleges that he is entitled to back pay because the Navy failed to lawfully separate him from active duty service, by failing to provide plaintiff with his original DD Form 214. Compl. at 1, 4; Pl. Resp. at 2-3.

In addition, plaintiff alleges that he has been denied due process, because the Navy spoliated evidence and tampered with his official military records. *See* Compl. at 2, 4; Pl. Resp. at 9-11, 16-21. Plaintiff also alleges that he has suffered defamation of character as a result of his alleged unlawful discharge from the Navy. *See* Compl. at 1-2, 5. As relief, plaintiff seeks to recover $2,700,000.00 in back pay for the period September 1975 to the present, an advancement in rank from E-2 to E-9, and other monetary relief. *See id.* at 5.

The relevant facts in this case are without dispute. Plaintiff enlisted in the Navy on November 22, 1974. *See* Compl. Ex. 1 at 1-3; *see also* Def. Mot. at A1-A2. On October 8, 1975, plaintiff was discharged from the Navy. *See* Compl. Ex. 1 at 1-3; *see also* Def. Mot. at A1-A3. Plaintiff has not served in the Navy since October 8, 1975. *See* Compl. at 5; Def. Mot. at A1-A3; Pl. Resp. at 3, 17, 20-21, 25.

On the day that plaintiff was to be discharged from service, another sailor signed plaintiff's DD Form 214 due to apparent human error. *See* Compl. Ex. 1 at 1-3; Def. Mot. at A4-A5. Plaintiff also signed this sailor's DD Form 214. *See* Def. Mot. at A4.

---

[1] The facts recited herein are taken from the complaint ("Compl."); the government's motion to dismiss ("Def. Mot."); plaintiff's response thereto ("Pl. Resp."); and the government's reply in support of its motion to dismiss ("Reply"). Unless otherwise stated, the facts herein are undisputed.

On April 9, 2004, the Board for Correction of Naval Records (the "BCNR") administratively corrected and reissued plaintiff's DD Form 214. *Id.* at A1, A4. The BCNR stated that plaintiff's DD Form 214 had been reissued because plaintiff's "original DD Form 214 was lost when [his] service record was closed after separation or purged from [his] record when the Board for Correction of Naval Records (BCNR) considered [his] application in April 2000 which was subsequently denied." *Id.* at A4; *see also id.* at A1.

### B.  Procedural History

Plaintiff filed the complaint in this matter on April 6, 2017. *See generally* Compl. On that same date, plaintiff filed a motion for leave to proceed in this matter *in forma pauperis. See generally* Pl. Mot.

On September 12, 2017, the government filed a motion to dismiss this matter for lack of subject-matter jurisdiction, pursuant to RCFC 12(b)(1). *See generally* Def. Mot. On September 25, 2017, plaintiff filed a response and opposition to the government's motion to dismiss. *See generally* Pl. Resp. On October 10, 2017, the government filed a reply in support of its motion to dismiss. *See generally* Reply. On October 24, 2017, plaintiff filed a sur-reply by the Court's leave. *See generally* Sur-reply.

On November 1, 2017, plaintiff filed a motion styled as a "motion to add further military evidence to the complaint," which the Court construes to be a motion to amend the complaint pursuant to RCFC 15. *See generally* Pl. Mot. to Am. On November 8, 2017, the government filed a response to plaintiff's motion to amend the complaint. *See generally* Def. Resp.

These matters having been fully briefed, the Court resolves the pending motions.

### III.  LEGAL STANDARDS

### A.  *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se*, without the benefit of counsel. And so, plaintiff is "not expected to frame issues with the precision of a common law pleading." *Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987). When determining whether a complaint filed by a *pro se* plaintiff is sufficient to survive a motion to dismiss, this Court affords more leeway under the rules to *pro se* plaintiffs than to plaintiffs who are represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however

inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"); *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014). The Court applies the pleading requirements leniently. But, there "is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his [or her] pleading." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011) (first set of brackets existing) (internal quotation marks omitted) (quoting *Scogin v. United States*, 33 Fed. Cl. 285, 293 (1995)).

In addition, although "a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence . . . ." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citations omitted). And so, the Court may excuse ambiguities in the plaintiff's complaint, but the Court does not excuse the complaint's failures. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995); *see also Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) (citation omitted) ("[T]he leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements.").

### B. Jurisdiction And RCFC 12(b)(1)

When deciding a motion to dismiss upon the ground that the Court does not possess subject-matter jurisdiction pursuant to RCFC 12(b)(1), this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also* RCFC 12(b)(1). But, plaintiff bears the burden of establishing subject-matter jurisdiction, and plaintiff must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). And so, should the Court determine that "it lacks jurisdiction over the subject-matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006) (citations omitted); *see also* RCFC 12(h)(3).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express

or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Tucker Act is, however, a "jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976) (citation omitted). And so, to pursue a claim against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States. *Cabral v. United States*, 317 F. App'x 979, 981 (Fed. Cir. 2008) (citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)); *Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005). "[A] statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" *Fisher*, 402 F.3d at 1173 (brackets existing) (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)).

Specifically relevant to this matter, the Military Pay Act is a money-mandating source of law that provides the Court with jurisdiction under the Tucker Act. *See Bias v. United States*, 131 Fed. Cl. 350 (2017) (citations omitted) ("The Military Pay Act . . . is a money-mandating source of law that provides the court with jurisdiction."); 37 U.S.C. § 204. The United States Court of Appeals for the Federal Circuit has held that the Military Pay Act is also typically the applicable money-mandating statue to be invoked in the context of military discharge cases. *See Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) ("In the context of military discharge cases, the applicable 'money-mandating' statute that is generally invoked is the Military Pay Act, 37 U.S.C. § 204."). And so, to bring a military discharge case under the Military Pay Act, a plaintiff must allege that he or she is entitled to money in the form of pay, because of an unlawful discharge. *Id.*

The Federal Circuit has also held that the Tucker Act explicitly places tort claims beyond the jurisdiction of this Court. *Shearin v. United States*, 992 F. 2d 1195, 1197 (Fed. Cir. 1993) ("It is well settled that the United States Court of Federal Claims lacks . . . jurisdiction to

entertain tort claims."); 28 U.S.C. § 1491(a) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . not sounding in tort."); *see also Hernandez v. United States*, 96 Fed. Cl. 195, 204 (2010) (citation omitted) ("[T]he Tucker Act expressly excludes tort claims, including those committed by federal officials, from the jurisdiction of the United States Court of Federal Claims."). In addition, this Court does not possess subject-matter jurisdiction to consider claims based upon the due process clauses of the Fifth or Fourteenth Amendments to the United States Constitution, because these provisions are not money-mandating provisions of law. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed Cir. 1995) (finding that the Due Process and Equal Protection Clauses of the Fourteenth Amendment do not constitute "a sufficient basis for jurisdiction because they do not mandate payment of money by the government"); *see also Quailes v. United States*, 25 Cl. Ct. 659, 664, *aff'd*, 979 F.2d 216 (Fed. Cir. 1992) (quoting *Mullenberg v. United States*, 857 F.2d 770, 772-73 (Fed. Cir. 1988)) ("This court does not have jurisdiction . . . because neither the due process or equal protection clauses of the Constitution 'obligate the United States to pay money damages.'"); *McCullough v. United States*, 76 Fed. Cl. 1, 4 (2006) ("[T]he Fifth Amendment is not a source that mandates the payment of money to plaintiff.").

## C. Statute Of Limitations, 28 U.S.C. § 2501

Under Title 28, United States Code, Section 2501, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such a claim first accrues." 28 U.S.C. § 2501. This statute of limitations "is jurisdictional and not susceptible to equitable tolling." *Young v. United States*, 529 F.3d 1380, 1384 (Fed. Cir. 2008) (citation omitted); *see also John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133-34 (2008) (The Supreme Court "has long interpreted the court of claims limitations statute" as jurisdictional, setting forth a "more absolute, kind of limitations period" that does not permit equitable tolling.).

With regards to when a claim first accrues, generally, "[a] cause of action cognizable in a Tucker Act suit accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit." *Martinez*, 333 F. 3d at 1303 (citations omitted). In other words, such a cause of action accrues "when 'all events have occurred to fix the Government's alleged liability,

6

entitling the claimant to demand payment and sue here for his money.'" *Id.* (quoting *Nager Elec. Co. v United States*, 177 Ct. Cl. 234 (1966)).

In the context of a military discharge case, the Federal Circuit has "long held that the plaintiff's cause of action for back pay accrues at the time of the plaintiff's discharge". *Id.* (citations omitted). And so, if a service member does not file suit within six years of the date of discharge, the service member "loses all rights to sue for the loss of pay stemming from the challenged discharge". *Id.*

## IV.   LEGAL ANALYSIS

The government has moved to dismiss this military pay matter for lack of subject-matter jurisdiction upon the grounds that plaintiff's claims are untimely or otherwise jurisdictionally precluded under the Tucker Act. *See generally* Def. Mot. Specifically, the government argues that plaintiff's military pay claim is barred by the six-year statute of limitations period under 28 U.S.C. § 2501, because plaintiff's claim accrued at the time of his discharge from the Navy— several decades ago. *Id.* at 2, 4. The government further argues that plaintiff's defamation of character claim sounds in tort and that this claim is also jurisdictionally barred under the Tucker Act. *Id.* at 2, 5. And so, the government seeks the dismissal of this matter pursuant to RCFC 12(b)(1). *Id.* at 5.

Plaintiff counters in his response and opposition to the government's motion to dismiss that the Court may consider his military pay claim, because he has not been lawfully discharged from the Navy due to certain errors in his original DD Form 214 and other discharge documents. *See* Pl. Resp. at 2, 8-26. For the reasons set forth below, the Court does not possess subject-matter jurisdiction to consider plaintiff's claims. And so, the Court **GRANTS** the government's motion to dismiss and **DISMISSES** the amended complaint.

### A.   The Court Grants Plaintiff's Motion To Amend The Complaint

As an initial matter, the Court grants plaintiff's motion to amend the complaint to add new evidence. On November 1, 2017, plaintiff filed a motion styled as a "motion to add further military evidence to the complaint." *See generally* Pl. Mot. to Am. The Court construes

7

plaintiff's motion to be a motion to amend the complaint pursuant to RCFC 15.[2] Plaintiff may amend the complaint "once as a matter of course" within 21 days after service of the complaint, or within 21 days after service of the government's answer or a motion under RCFC 12(b), (e), or (f), whichever is earlier. RCFC 15(a)(1). In all other cases, plaintiff may amend the complaint with the written consent of the government, or by leave of the Court, which should be freely given when justice so requires. RCFC 15(a)(2). Because the government represents that it does not oppose plaintiff's motion to amend the complaint, the Court **GRANTS** plaintiff's motion. *See* Def. Resp. at 1.

## B. The Court Does Not Possess Jurisdiction To Consider Plaintiff's Claims

### 1. Plaintiff's Military Pay Claim Is Time-Barred

The Court does not possess subject-matter jurisdiction to consider plaintiff's military pay claim, because plaintiff's claim is time-barred under Section 2501. Pursuant to Section 2501, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such a claim first accrues." 28 U.S.C. § 2501. This statute of limitations is jurisdictional in nature and the limitations period under this statute cannot be waived or tolled. *John R. Sand & Gravel Co.*, 552 U.S. at 133-35.

The Federal Circuit has held that, in military pay cases involving a military discharge, a cause of action for back pay accrues at the time of the plaintiff's discharge from the military. *Martinez*, 333 F.3d at 1303. And so, plaintiff's back pay claim in this matter accrued no later than the date on which he was discharged from the Navy. Given this, plaintiff must bring his military pay claim within six years of that date. *Id.* at 1303-04; *see also* 28 U.S.C. § 2501.

In this case, there can be no genuine dispute that plaintiff's military pay claim is time-barred. Plaintiff's military records reflect that he was discharged from the Navy on October 8, 1975, more than four decades ago. *See* Compl. Ex. 1 at 1-3; *see also* Def. Mot. at A1-A3. Plaintiff does not dispute that he has not served in the Navy since that date. *See* Compl. at 5; Pl. Resp. at 3, 17, 20-21, 25. Given this, plaintiff's military pay claim accrued on the date of his

---

[2] On November 8, 2017, the government filed a response to plaintiff's motion stating that it has no grounds upon which to oppose the motion under RCFC 15(a) and requesting that the Court treat the government's motion to dismiss as responsive to plaintiff's amended complaint. Def. Resp. at 1.

discharge from the Navy—October 8, 1975—and this claim is clearly untimely under Section 2501. *Martinez,* 333 F.3d at 1303; 28 U.S.C. § 2501.

The Court is also unpersuaded by plaintiff's argument that his military pay claim is timely, because he was not provided an original DD Form 214 on the date of his discharge from the Navy. Pl. Resp. at 13-15. The government acknowledges in this action that another sailor signed plaintiff's DD Form 214 on the day that plaintiff was discharged from the Navy, due to apparent human error. *See* Compl. Ex. 1 at 1-3; Def. Mot. at A4-A5. And so, there is no dispute that plaintiff did not receive an accurate, original DD Form 214 on October 8, 1975. *See* Pl. Resp. at 4-13; Def. Mot. at A4-A5. There is also no dispute that the Board for Correction of Naval Records subsequently corrected this error on plaintiff's DD Form 214 and reissued this form on April 9, 2004. *See* Def. Mot. at A1, A4; Pl. Resp. at 15.

Plaintiff does not, however, put forward any legal support for his argument that the errors with respect to his original DD Form 214—and, in particular, the fact that plaintiff did not receive this form on the date of his discharge—renders plaintiff's discharge from the Navy ineffective. This Court has also previously held that a service member's discharge from the military becomes effective when the service member receives notice that a discharge is effective. *Wilkinson v. United States,* 27 Fed. Cl. 180, 181 (1992). To that end, the Court has recognized that notice of discharge typically occurs when the individual learns that his DD Form 214 is "ready for delivery," and that no actual physical delivery of the DD Form 214 is required. [3] *Id.* Plaintiff provides no evidence to show that he was unaware of his discharge from the Navy in 1975. And so, the fact that plaintiff did not receive his original DD Form 214 on October 8,

---

[3] Title 10, United States Code, Section 1168 (a) provides that:

> A member of an armed force may not be discharged or released from active duty until his discharge certificate or certificate of release from active duty, respectively, and his final pay or a substantial part of that pay, are ready for delivery to him or his next of kin.

10 U.S.C. § 1168. This statute's implementing regulation provides, in relevant part, that:

> The original DD Form 214 showing separation from a period of active service with a Military Service . . . will be physically delivered to the separate prior to departure from the separation activity on the effective date of separation; or on the date authorized travel time commences.

32 C.F.R. § 45.3 (b)(1)(i).

9

1975, neither invalidates plaintiff's discharge from the Navy nor impacts the running of the statute of limitations in this case. *Id.*

In addition, even if the Court were to accept the view that plaintiff's discharge from the Navy was unlawful—and to adopt the date on which the Navy corrected and reissued plaintiff's DD Form 214 as the date on which his claim accrued—plaintiff's military pay claim would remain untimely. Plaintiff's military records show that the BCNR corrected and reissued plaintiff's DD Form 214 on April 9, 2004. *See* Def. Mot. at 2, A1, A4; Pl. Resp. at 13-15. Plaintiff filed the complaint in this matter on April 6, 2017, more than six years after the reissuance of his DD Form 214. And so, plaintiff's military pay claim is untimely and the Court must dismiss this claim for lack of subject-matter jurisdiction. *See John R. Sand & Gravel Co.*, 552 U.S. at 133-35; RCFC 12(b)(1).

## 2.  The Court May Not Consider Plaintiff's Defamation Of Character Claim

The Court also does not possess subject-matter jurisdiction to consider plaintiff's defamation of character claim, because this claim sounds in tort. In the complaint, plaintiff alleges that he has suffered the defamation of his character because his discharge from the Navy was unlawful. *See* Compl. at 1, 5. This Court has recognized that such a claim sounds in tort. *See Golden v. United States*, 118 Fed. Cl. 764, 769 (2014) (citations omitted) ("An allegation of defamation is a tort claim and thus is outside [the Court of Federal Claim's] jurisdiction.").

It is well-established that the Tucker Act explicitly places tort claims beyond the jurisdiction of this Court. 28 U.S.C. § 1491(a); *Hernandez*, 96 Fed. Cl. at 204 (citation omitted) ("[T]he Tucker Act expressly excludes tort claims, including those committed by federal officials, from the jurisdiction of the United States Court of Federal Claims."). And so, the Court must also dismiss plaintiff's defamation of character claim for lack of subject-matter jurisdiction.[4] RCFC 12(b)(1).

---

[4] To the extent that plaintiff alleges that his due process rights under the United States Constitution have also been violated, the Court is similarly without jurisdiction to entertain this claim. *See* Compl. at 2, 5. It is well-established that this Court does not possess subject-matter jurisdiction to consider such a claim, because the due process clauses of the Fifth and Fourteenth Amendments are not money-mandating provisions of law. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed Cir. 1995) (finding that the Due Process and Equal Protection Clauses of the Fourteenth Amendment do not constitute "a sufficient basis

### C. The Court Grants Plaintiff's Motion To Proceed *In Forma Pauperis*

As a final matter, plaintiff has moved for leave to proceed in this matter *in forma pauperis* upon the ground that he lacks sufficient resources to pay the Court's filing fee. *See generally* Pl. Mot. This Court may authorize commencement of a suit without prepayment of fees when a plaintiff submits an affidavit including a statement of all assets such plaintiff possesses, a declaration that he or she is unable to pay the fees, and a statement of the nature of the action and a belief that he or she is entitled to redress. *See* 28 U.S.C. § 1915(a)(1). Because of the Court's summary disposition of this case upon jurisdictional grounds, and plaintiff's *pro se* status, the Court finds that plaintiff satisfies the statutory requirements to proceed *in forma pauperis* for the purpose of resolving the government's motion to dismiss. And so, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

### V.   CONCLUSION

In sum, when read in the light most favorable to plaintiff, the amended complaint makes clear that all of plaintiff's claims are either time-barred or otherwise jurisdictionally precluded under the Tucker Act. And so, the Court must dismiss this action for lack of subject-matter jurisdiction. Because the Court finds that plaintiff satisfies the statutory requirements to proceed *in forma pauperis*, the Court also grants plaintiff's motion to proceed *in forma pauperis*.

For the foregoing reasons, the Court:

(1) **GRANTS** plaintiff's motion to amend the complaint;

(2) **GRANTS** the government's motion to dismiss;

(3) **GRANTS** plaintiff's motion to proceed *in forma pauperis*; and

(4) **DISMISSES** the amended complaint.

The Clerk is directed to **ENTER** final judgment in favor of the government and to **DISMISS** the amended complaint.

---

for jurisdiction because they do not mandate payment of money by the government"); *see also McCullough v. United States*, 76 Fed. Cl. 1, 4 (2006).

No costs.

**IT IS SO ORDERED.**

_____
LYDIA KAY GRIGGSBY
Judge